UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
CANDRA WINSTON,

               Plaintiff,

  -against-

CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT,
INSPECTOR BRYAN, CAPTAIN
MICHAEL VANCHIERI, LT.
GORDON HUGHES, LT. NICHOLAS
FERRARO, individually and in their
official capacities,

               Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 12-CV-0395 (FB) (VVP)

*Appearances:*
*For the Plaintiffs:*
LINDA M. CRONIN, ESQ.
Cronin & Byczek, LLP
1983 Marcus Avenue, Suite C-120
Lake Success, NY 11042

*For the Defendants:*
ZACHARY W. CARTER, ESQ.
Corporation Counsel of the City of
New York
100 Church Street
New York, NY 10007

By KATHRYN E. LEONE, ESQ.
   Assistant Corporation Counsel

**BLOCK, Senior District Judge:**

     Candra Winston moves for reconsideration of the Court's prior memorandum and order ("M&O") granting defendants' motion to dismiss her claims for disparate treatment, hostile work environment and retaliation. *See Winston v. City of New York*, 2013 WL 4516097 (E.D.N.Y. Aug. 23, 2013). For the following reasons, the motion for reconsideration is granted.

## A. Disparate Treatment

As explained in the prior M&O, Winston has adequately alleged that "(1)[s]he belonged to a protected class; (2)[s]he was qualified for the position; [and] (3)[s]he suffered an adverse employment action." *Winston* 2013 WL 4516097, at *1-*2 (quoting *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)). The Court concluded, however, that "her attempts to raise an inference of discriminatory intent fall short of satisfying the requisite pleading standards." *Id*. In essence, the Court concluded that Winston's allegations that male employees were treated more favorably failed to include facts showing that those employees "were similarly situated in all material respects." *Id.*

It is useful at this point to recall that "the pleading standard for employment discrimination complaints is somewhat of an open question in our circuit." *Hedges v. Town of Madison*, 456 F. App'x 22, 23 (2d Cir. 2012) (summary order). The question persists due to tension between *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002)—in which the Supreme Court rejected the argument that such a complaint "must contain specific facts establishing a prima facie case of discrimination," *id.* at 508—and its subsequent pronouncement that a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court

2

to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In *Williams v. Addie Mae Collins Community Service*, 2012 WL 4471544 (S.D.N.Y. Sept. 27, 2012), Judge Preska held that post-*Twombley/Iqbal,* a plaintiff need not please "a prima facie case of employment discrimination," but must nevertheless "set forth factual circumstances—such as preferential treatment given to dissimilarly situated individuals, or remarks that convey discriminatory animus—from which the Court can infer discrimination on the basis of protected status." *Id.* at *3. The Court agrees that that standard appropriately resolves the tension.

Under that standard, the Court properly disregarded Winston's conclusory allegation that defendants "did not treat similarly situated male supervisors in [the same] manner." Second Am. Compl. ¶ 22; *see Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). However, in faulting Winston for failing to "provide the names of any similarly situated male employees," to "describe these individuals' positions and/or history with the NYPD," or to "supply details concerning the factual circumstances of their differing treatment," 2013 WL 4516097, at *2, the Court may have required her to plead a full-blown *prima facie* case.

Having carefully reviewed the complaint, the Court has found at least some specific allegations of disparate treatment. *See, e.g.,* Second Am. Compl. ¶ 26 ("Defendant Ferrero, a male [performing duties similar to Winston's], was never

assigned uniform detail."), ¶ 28 ("Not one male in the unit as ever disciplined for [giving overtime slips to a particular assistant."), ¶ 30 ("[A]n admonishment was not issued to males who brought their children to work, such as Defendant Vanchieri."). Any omissions in the precise circumstances are perhaps better characterized as ambiguities to be resolved in Winston's favor at this stage. In more practical terms, the Court prefers to err on the side of caution and defer determination of whether there are any comparators similarly situated to Winston in all material respects to the summary-judgment stage, when the issue can be addressed on a full factual record developed with the benefit of discovery.

## B. Hostile Work Environment

As explained in the prior M&O, Winston's disparate treatment claims and her hostile environment claims both require her to demonstrate discriminatory intent. *See* 2013 WL 4516097, at *3. Thus, the Court's determination on reconsideration that she has adequately alleged discriminatory intent applies with equal force to her hostile environment claims.

## C. Retaliation

The Court dismissed Winston's retaliation claims because she failed to allege a specific interval between her protected activity and an adverse employment action. *See id.* at *4 ("Despite having had three opportunities to do so, Winston's latest complaint does not indicate when either the [Office of Equal Employment

4

Opportunity] filing or her removal as Assistant [Integrity Control Officer] occurred."). She asserts that the interval coincided with a vacation, which is "typically a matter of two to three weeks." Pl.'s Mem. of Law at 6. Although she does not explain why she could not allege that specific time frame earlier, the Court will deem her complaint amended. So amended, it pleads facts sufficient to raise an inference of retaliatory animus. *See Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 845 (2d Cir. 2013) ("The three-week period from Kwan's complaint to her termination is sufficiently short to make a prima facie showing of causation indirectly through temporal proximity.").

**D. Conclusion**

For the foregoing reasons, the motion for reconsideration is granted and Winston's complaint is reinstated in full.

**SO ORDERED.**

**/S/ Frederic Block**
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 1, 2014

5