

# CRONIN & BYCZEK, LLP

*Attorneys and Counselors at Law*

**Fountains at Lake Success**
1979 Marcus Avenue • Suite 203
Lake Success, New York 11042
(516) 358-1700 • Facsimile (516) 358-6249
E-Mail: Info@cblawyers.net

LINDA M. CRONIN
CHRISTOPHER S. BYCZEK*

ANTHONY MAHONEY
MOSHE BOBKER***

OF COUNSEL

DOMINICK REVELLINO

*MEMBER OF NY AND FL BAR
**MEMBER OF NY AND CT BAR
***MEMBER OF NY AND NJ BAR

June 15, 2015

**VIA ECF**
Honorable Frederic Block
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Winston v. City of New York, et al.
        12 Civ. 0395 (FB)(VVP)

Dear Judge Block:

    This firm represents the Plaintiff with regard to the above-referenced matter. We write in response to Defendants' request for a pre-motion conference in anticipation of seeking leave to move for summary judgment. Plaintiff respectfully submits that Defendants' anticipated motion would be futile as issues of fact exist, requiring trial by jury.

    **A.  Plaintiff's Claims are not Time-Barred**

    For the purposes of Plaintiff's hostile work environment claims, the continuing violations doctrine enunciated in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), would apply as, in such circumstances, "[t]he 'unlawful employment practice'…cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 250 (E.D.N.Y. 2012) (*quoting Morgan,* 536 U.S. at 115) (marks in original). Plaintiff herein was subjected to continuous and repetitive conduct in which her authority was undermined, at least one instance of which occurred within the limitations period.

    **B.  Plaintiff's Discrimination Claims Will Survive Summary Judgment**

    "In order to state a prima facie case of discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination." *Risco v. McHugh*, 868 F. Supp. 2d 75, 100 (S.D.N.Y. 2012) (*citing Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010)). One method by which to demonstrate an inference of discrimination is "by showing that her employer treated her less favorably than a similarly situated employee outside her protected group." *Id.* (*citing Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003)).

Plaintiff can establish each element of her *prima facie* case, as well as that any purported legitimate, non-discriminatory rationales are pretextual. For example, Plaintiff testified that she ultimately sought a transfer out of Queens North Narcotics due to the unbearable hostility and discriminatory treatment, which was not being remedied. As a result, she suffered a substantial reduction in overtime, and thus here overall salary, as the Police Academy did not offer many overtime opportunities. Consequently, Plaintiff also suffered a loss in the amount of her pension benefits, as the calculation is based on the overall salary for the final three years of employment, which was reduced drastically due to her lack of overtime. Indisputably, lost wages, including lost overtime, constitute an adverse employment action. *See Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006); *Herling v. New York City Dep't of Educ.*, 13 Civ. 5287, 2014 US Dist. LEXIS 56442 (E.D.N.Y. Apr. 23, 2014). Plaintiff was also removed from her positions as Assistant Integrity Control Officer ("ICO"), Court Supervisor, and Operations Coordinator which materially altered the terms and conditions of her employment. *See e.g.*, *Whethers v. Nassau Health Care Corp.*, 956 F. Supp. 2d 364, 377 (E.D.N.Y. 2013) (finding an adverse employment action as a result of a 'lateral' transfer where plaintiff's new responsibilities "could be considered a change in responsibilities so significant as to constitute a setback to the plaintiff's career.").

Further, Plaintiff testified that she was the only female sergeant in the command and that when another sergeant had an issue with a subordinate officer, there was a penalty assessed to the subordinate. In contrast, when Plaintiff attempted to discipline one of her white male subordinates she was prevented from doing so, undermining her authority, and thereby demonstrating that she was treated disparately from her male counterparts.

### C. **Plaintiff's Hostile Work Environment Claims Will Survive Summary Judgment**

"A hostile work environment, in violation of Title VII, is established by a plaintiff showing that his or her workplace was "permeated with 'discriminatory intimidation, ridicule, and insult…that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Rodriguez v. City of New York*, 644 F. Supp. 2d 168, 170 (E.D.N.Y. 2009) (*quoting Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000) *quoting Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (quotation marks in original)).

The Court in *Rodriguez* found the plaintiff was "forced to perform subservient secretarial and custodial duties" and referred to as "my girl" that "invoke[d] outdated stereotypes of gendered work." *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 273 (E.D.N.Y. 2014) (*citing Rodriguez*, 644 F. Supp. 2d at 171). Similarly, Plaintiff's authority as a Sergeant in the NYPD was undermined in a manner not suffered by the other sergeants, all of whom were male. Indeed, on one occasion Plaintiff was told by a male sergeant, "you need to know your role. You are a little above yourself[.]"

When Plaintiff's workplace environment is viewed in totality, it is clear that she was undermined and demeaned because she was the sole female Sergeant in a male-dominated command. Therefore, her authority was repeatedly questioned, even by her subordinates. This clearly prevented her from ensuring that her subordinates completed assignments and tasks as required, which, in turn, reflected poorly on her and altered the terms and conditions of her employment.

### D. **Plaintiff's Retaliation Claims Will Survive Summary Judgment**

A *prima facie* case of retaliation consists of "evidence sufficient to permit a rational trier of fact to find (1) that she engaged in protected activity under the anti-discrimination statutes, (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Fincher v. Depository Trust &*

*Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (*quoting Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (alterations omitted)).

It is important to note that verbal or non-formal complaints of discrimination constitute "protected activity," as does lodging a complaint on behalf of another employee. *See Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir. 1993) ("Title VII broadly provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. Sec. 2000e-3(a). The phrase "opposed any practice" encompasses an individual's complaints to supervisors regardless of whether she also files an EEOC charge.") (*citing Kotcher v. Rosa & Sullivan Appliance Ctr., Inc.*, 957 F.2d 59, 65 (2d Cir. 1992) (marks and quotes in original)).

It is undisputed that Plaintiff contacted the NYPD Office of Equal Employment Opportunity ("OEEO") on behalf of a Hispanic female employee who cleaned the precinct. The woman had discovered a sign on her door as well as a pile of garbage in front of the door. Plaintiff informed Defendant Vanchieri that she had contacted OEEO, to make him aware of the incident. Plaintiff was removed from her position as ICO "about two weeks later." This example alone establishes a *prima facie* case of retaliation. Plaintiff obviously engaged in protected activity by contacting OEEO. She personally informed Defendant Vanchieri of her engaging in such activity, which clearly demonstrates that her employer, specifically her supervisor, was aware of such activity. Third, she suffered an adverse employment action, the standard for which is reduced when analyzing retaliation claims, s*ee e.g.*, *Hill v. Rayboy-Brauestein*, 467 F. Supp. 2d 336, 363 (S.D.N.Y. 2006), in that she was removed from her steady position as ICO. Finally, Plaintiff can establish a causal connection through the temporal proximity – as the adverse employment action occurred mere weeks after her engagement in the protected activity.

Indeed, Plaintiff can demonstrate that any purported legitimate, non-discriminatory reasons for her removal from the ICO position are simply pretext. Plaintiff testified that she was given two different and contradictory reasons for her removal from two different supervisors. Shifting or inconsistent rationales proffered by an employer as motive for the adverse action can establish pretext. *Schmitz v. St. Regis Paper Co.*, 811 F.2d 131, 132 (2d Cir. 1987) (finding inconsistencies as evidence undermining credibility of employer's motives); *Whitting v. Locust Valley Cent. School Dist.*, No. 10 Civ. 0742 (ADS)(ETB), 2012 WL 5289617 (E.D.N.Y. Oct. 22, 2012) ("Inconsistencies in an employer's justifications for taking an action…can raise an issue of fact with the regard to the veracity of the proffered reasons."); *Greenbaum v. Handelsbanken*, 67 F. Supp. 2d 228, 252 (S.D.N.Y. 1999).

For the above-stated reasons, Plaintiff respectfully submits that Defendants' anticipated motion is clearly futile.

Thank you for your courtesy and consideration in this matter.

        Very truly yours,

        CRONIN & BYCZEK, LLP
        *Attorneys for Plaintiff*

        _____
        Moshe C. Bobker (MB1090)

CC: Aliza Balog (via ECF)